US DISTRICT COURT TO
WESTERN WASHINGTON

David Troupe,
  Plaintiff,

vs

Donna Smith,
Scott Russell,
Eric Wiet,
Lt. Martin,
Scott Roberts,
Nicole Buckingham,
Neil Thompson,
Barbara Hutchinson,
Patricia Paterson,
Dean Mason,
Edward Woods,
Steven Demars,
Crystal Jennings,
Nancy Ferrelious,
Donald Griffith,
  Defendants.

No. #

Civil Rights Complaint
By A Prisoner
Under 42 USC 1983
8th Amendment
Violation

I. Statement of Claims

#1

1) Plaintiff, David Troupe, pro se, was at all times herein a prisoner at the Wash. State Corrections Center in Shelton, WA.

2) Each Defendant named was at all times herein an employee of DOC acting under color of law, at: PO Box 900, Shelton, WA 98584.

3) Each Defendant named violated Plaintiff's 8th amendment right as outlined herein under Statement of Claims and are sued under their individual and official capacity.

4) On Aug. 4, 2014 all named Defendants participated in having Plaintiff placed into a hospital isolation cell #128 at WCC.

5) Plaintiff was video taped naked in his only shower for the purpose of Defendants sexual gratification. This happened in cell #128.

6) Plaintiff was video taped urinating and defecating in his cell toilet area in cell #128 for the purpose of humiliating and punishing Plaintiff by the Defendants for his active litigation against DOC, and for Defendants own sexual gratification.

7) By day 2 in this isolation deprivation cell Plaintiff was already so stressed out he was placed in a restraint chair to isolate him further; again on another day for 3 hours.

8) Each Defendant was aware of Plaintiff's mental health disorders prior to creating a sensory deprivation cell to put him in.

9) From Aug. 2, 2014 to the time Plaintiff was moved back to IMU around Sept. 30, 2014, Plaintiff made verbal, written kites, medical kites, and grievance complaints re his increased stress, self harm thoughts, and ideas of suicide.

10) Each Defendant was responsible for Plaintiff's safety.

11) On Sept. 4, 2014 around 12:30 AM Plaintiff was seen harming himself after Neil Thompson and Barbara Hutchinson refused Plaintiff medical treatment when he filed an emergency grievance for help.

12) Plaintiff filed 3 emergency grievances on 9-4-2014 in the AM, around 12:15 AM,

12:30 AM and 1:00 AM roughly.

13) Defendants Neil Thompson, Barbara Hutchinson, Crystal Jennings, Eric Wirt, Lt. Martin were all aware Plaintiff was self harming and chose not to follow his IBMP (individual behavior management plan) which clearly states Plaintiff was suppose to go into a restraint chair when harming himself per Dr. Wendi Wachsmuth.

14) Plaintiff was allowed to harm himself from 12:30 AM on Sept. 4, 2014 until around 9 AM. ~~[scratched out text]~~

15) Originally Nancy Fervelious, Donald Griffith, Patricia Paterson, Edward Woods, Steven Demars, allowed Plaintiff to continue self harming on 2nd shift 6 AM to 9 AM and refused Plaintiff medical treatment.

16) Dr. Wendi Wachsmuth and or Tammie Bartlett helped Plaintiff receive minimal medical treatment against Defendants wishes, on 9.4.14 around 9-10 AM.

17) Mental health providers Scott Roberts and Nicole Buckingham refused Plaintiff

crisis treatment and ignored Plaintiff's self harming.

18) Each Defendant was aware of Plaintiff's self harming 9-4-20/14 and took no action to prevent it, stop it, nor follow Plaintiff's IBMP specifically created with Plaintiff's mental health needs, Plaintiff wrote each one.

19) Plaintiff has a history of serious self harm and attempted suicides and has an IBMP for those reasons.

20) Scott Russell, Steven Demars, Dean Mason, and Edward Woods knowingly and deliberately put Plaintiff into sensory deprivation with video cameras in his shower and toilet areas as a punishment knowing Plaintiff wrote kites and grievances telling these Defendants he was becoming more stressed and having thoughts of self harm and suicide and they deliberately left him in a situation so he could kill himself, at the least commit serious self harm.

21) Steven Demars also had a seperate objective in placing Plaintiff in isolation, Plaintiff was researching DOC's history of PREAs and sexual

type problems with female staff that DOC covered up using ITU staff at each facility.

22) Defendants deliberately put Plantiff in a deprivation isolation chamber/cell and let Plantiff harm himself.

23) Defendants deliberately punished, humiliated, and sexualy exploited Plantiff's showering and using the toilet for their own sexual gratification.

24) Defendants violated Plantiff's 8th amen right by allowing a definate risk of serious harm be ignored by not taking action to prevent it use to stop it when it was happening.

25) Defendants had no right to view/record Plantiff urinating, deficating, and showering because Plantiff had windows all around, a staff could have stood by.

26) Plantiff had numerous PREA type investigation reports going back 20 yrs showing a DOC cover up, this was why Steven Demars wanted and helped isolate Plantiff, there's records to prove it.

_[signature]_ 9-13-15  David Troupe 765714
1813 N 13 Ave
WallaWalla, WA 99362

## V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Punitive $25,000 each
Monetary $125,000
Injunctive

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __22__ day of __June__ 20__15__.

_____
(Signature of Plaintiff)
David Troupe 765714
1313 N 13 Ave
Walla Walla, WA 99362

5

| LOG I.D. NUMBER/*NUM. DE REGISTRO* |
|---|
| 14571552 |



**Department of Corrections**
WASHINGTON STATE

# APPEAL TO LEVEL III
## APELACIÓN AL 3ER NIVEL

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>TROUPE | First<br>*Nombre*<br>DAVID | Middle<br>*2do Nombre* | DOC Number<br>*Número DOC*<br>765714 | Facility/Office<br>*Institución/Oficina*<br>WCC | Unit/Cell<br>*Unidad/Celda* |
|---|---|---|---|---|---|---|

| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | Date Typed / *Fecha escrita a mano*<br>10/29/14 | Due Date / *Fecha de vencimiento*<br>12/01/14 |
|---|---|---|

**I WANT TO GRIEVE /** *QUIERO QUEJARME DE*: Appeal to Level 3. I filed an emergency grievance on 9-4-14 because my wound was bleeding through my dressing. Denied as emergent. Sent with another one and the response by RN Barbara says I was seen on camera removing the dressing and self-harming. I filed an appeal but RN Barbara did not call the on call duty officer per policy. I filed another emergency grievance due to self-harming but was not put with the restraint chair. I then sent a complaint to DOC HQ. The response states both RN Barbara and LPN2 James "they" looked at my dressing. Not true. Only LPN2 James did. They go on to say they don't respond to self-harm situations unless its life or death or serious my dressing was bloody and needed changed both refused so I took it off and it started bleeding. I then washed it with soap and hot water. During all this RN Barbara and LPN2 James got information that I was self-harming. I'm attaching 6 pages of documents, was it ok to leave a bloody dressing on my leg? Was it ok to let me self-harm and bleed all over the floor for 10 hours and 2nd shift finally did my dressing. Is looking at me through a ceiling camera from 8 feet away a proper medical evaluation? Should they have called the on call duty officer for guidance or my emergency appeal? Was the restraint chair warranted?

**SUGGESTED REMEDY /** *REMEDIO SUGERIDO*: Lt. Martin had the video burned off of evidence. Please review the video and the documents I'm attaching and let me know if how they handles this is okay with DOC.

| /S/ Robbins, G | 10/29/14 | /S/ Troupe, David | 10/29/14 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

**PART B - LEVEL III RESPONSE/***PARTE B - RESPUESTA 3ER NIVEL*

I reviewed your initial grievance as well as all appeals and responses.

DOC Director of Nursing B. Braid also reviewed this grievance and provided this response:

I reviewed your Staff Conduct grievance, the investigation, and the response. I have read your Level III appeal. You grieve the medical management of your wounds.

There is no evidence that you have been denied care that is medically necessary as defined in the DOC Offender Health Plan. Your grievance is not supported and I concur with the Level II grievance response. I encourage you to work with your healthcare providers to attain the best medically necessary care for your health conditions.

Kevin Bovenkamp
Assistant Secretary/Deputy Director/designee
*Subsecretario/designado*
12/11/14
Date
*Fecha*

Distribution: Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-169 E/S (Rev. 04/01/14)                                                                                                                    DOC 550.100