1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

DAVID TROUPE,

8                                  Plaintiff,

9          v.

10   DONNA SMITH, et al.,

11                                  Defendants.

No. C15-5671 RBL-KLS

**REPORT AND RECOMMENDATION**
**Noted for:  January 15, 2015**

12          Before the Court is Plaintiff David Troupe's "Motion to Compel and for Protective

13   Order" (Dkt. 31), Motion for Order to Show Cause (Dkt. 32), and Motion for Protective Order

14   (Dkt. 36).  The motions seek injunctive relief.  Having reviewed the motions, Defendants'

15   response (Dkt. 33), and balance of the record, the Court recommends that the motions should be

16   denied.

17                                  **BACKGROUND**

18   **A.     Complaint**

19          Plaintiff David Troupe filed this lawsuit on September 18, 2015.  Dkt. 1.  Plaintiff alleges

20   that fifteen staff members, including Donna Smith and Edward Woods, at the Washington

21   Corrections Center (WCC) violated his Eighth Amendment rights as to:  (1) his placement in the

22   WCC infirmary on August 2, 2014; (2) the video taping of him while he was in the infirmary;

23   and (3) the treatment of an incident of self-harm on September 4, 2014.  On November 16, 2015,

24   the Defendants filed a motion for summary judgment that is currently noted for December 11,

25   2015. Dkt. 28.

26   REPORT AND RECOMMENDATION- 1

On November 23, 2015, Plaintiff filed two motions: a "Motion to Compel & for Protective Order" and a "Motion and Order to Show Cause." Dkts. 31 & 32. On December 21, 2015, Plaintiff filed a "Motion for Protective Order." Dkt. 36. In these motions, Plaintiff seeks injunctive relief, including ordering Defendants to (1) change his mental health treatment provider, (2) stop making him shower in the B-pod, and (3) allow Plaintiff the ability to send out legal mail every day.

Defendants contend that Plaintiff's allegations are factually unsupported, he has not shown that he is entitled to injunctive relief, and that he seeks a preliminary injunction that is unrelated to the merits of the lawsuit. The Court finds it unnecessary to determine the merits of Plaintiff's allegations as his motions may be denied on the basis that he seeks a preliminary injunction of conduct that is unrelated to the merits of the lawsuit. The Court also notes that Plaintiff does not appear to have exhausted these issues.

C.     **Preliminary Injunction Relief Requested**

As noted, Mr. Troupe asks that the Court to order Defendants to change his mental health treatment provider, to stop making him shower in the B-pod, and to order Defendants to allow Plaintiff the ability to send out legal mail every day.

## DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987)). A plaintiff seeking a preliminary

REPORT AND RECOMMENDATION- 2

injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted).  This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376.  Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 375 (emphasis and citations omitted).

In a civil rights case, injunctions must be granted sparingly and only in a clear and plain case.  Even in an action against private individuals, it has long been held that an injunction is "to be used sparingly, and only in a clear and plain case."  When a plaintiff seeks to enjoin the activity of a government agency, even within the unitary court system, his case must contend with "the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598 (1976) (citations omitted).  This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S.Ct. 2254 (1987).  "Running a prison is an inordinately difficult undertaking ... peculiarly within the province of the legislative and executive branches of government ... [S]eparation of powers concerns counsel a policy of judicial restraint.  Where a state penal system is involved, federal courts have, as we indicated in *Martinez*, additional reason to accord deference to appropriate prison authorities." *Id*. at 85, *citing Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.Ct. 1800 (1974), *rev'd in part on other grounds in Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874 (1989).

Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (plaintiff

REPORT AND RECOMMENDATION- 3

seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *see Little v. Jones*, 607 F.3d 1245, 1250–51 (10th Cir .2010) (motion defined as insufficiently related to conduct addressed in complaint); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir.2010) (no preliminary injunction where motion for relief based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997) (same).  Further, a court need not consider claims that were not raised in the complaint.  *McMichael v. Napa County*, 709 F.2d 1268, 1273 n. 4 (9th Cir.1983).   As was explained by the Fourth Circuit in *Omega,* it is important that the movant establish the relationship between the injury claimed in his motion and the conduct asserted in the complaint because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint."  *Omega*, 111 F.3d at 16.

Here, Mr. Troupe seeks relief for conduct that is completely unrelated to the claims raised in his complaint.  For that reason alone, his motions should be denied.

### CONCLUSION

The undersigned recommends that Mr. Troupe's motion to compel and for protective order and motion for order to show cause (Dkts. 31, 32, and 36) be **DENIED** because the motions seek injunctive relief that are not based upon the claims in the underlying suit.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND RECOMMENDATION- 4

*Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 15, 2016**, as noted in the caption.

   **DATED** this 29th day of December, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5