UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID TROUPE,<br><br>                        Plaintiff,<br><br>      v.<br><br>DONNA SMITH, et al.,<br><br>                        Defendants. | No. C15-5671 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for:  June 17, 2016 |

Before the Court is Plaintiff David Troupe's motion to dismiss Nicole Buckingham. Dkt. 44 at 1. Mr. Troupe states that through Ms. Buckingham's answers to discovery, he learned that she was not assigned to the "ISO cell or to Plaintiff, was not responsible for Plaintiff's emergencies." *Id.* Defendants do not object to Ms. Buckingham's dismissal but ask that plaintiff be sanctioned with a "strike" under 28 U.S.C § 1915(g) for abusing the legal system because his claims against Ms. Buckingham were not grounded in fact or were presented for an improper purpose in violation of Fed.R.Civ.P. 11(b). Dkt. 45. Plaintiff filed a response. Dkt. 47. Defendants sought and were granted leave to file a surreply to respond to allegations made by plaintiff in his response. Dkt. 48 and 48-1. Plaintiff filed a response to the surreply. Dkt. 50.

The undersigned recommends that the motion to dismiss be granted, that Nicole Buckingham be dismissed from this action with prejudice, and that all other relief requested be denied.

REPORT AND RECOMMENDATION- 1

## BACKGROUND

Plaintiff David Troupe filed this lawsuit on September 18, 2015, alleging that fifteen staff members at the Washington Corrections Center (WCC) violated his Eighth Amendment rights. Dkt. 8. He alleged that Nicole Buckingham "refused plaintiff crisis treatment and ignored plaintiff's self harming." *Id*. at 4-5. On November 16, 2015, Defendants filed a motion for summary judgment based on, among other grounds, res judicata and qualified immunity. As part of this motion, defendants filed a declaration from Nicole Buckingham in which she states "To my knowledge, I have never had any contact with David Troupe and have never had any input in his care." Dkt. 28-3, at 114 of 114. The Court initially granted a stay of discovery (Dkt. 38), but lifted the stay on March 11, 2016, to allow Mr. Troupe to engage in limited discovery and re-noted defendants' motion for summary judgment. Dkt. 42.

Ms. Buckingham responded to Mr. Troupe's written discovery requests again confirmin that she never had any contact with him. Dkt. 46, Declaration of Counsel in Support of Defendants' Response, Exhibits 1-3. Mr. Troupe then filed the instant motion to dismiss.

Defendants contend that Mr. Troupe brought this lawsuit with no evidence that Ms. Buckingham ever had any contact with him and that this is a patent abuse of the judicial system. Dkt. 45. Defendants refer the Court to Mr. Troupe's extensive litigation and discovery history. *Id.*, at 3. Mr. Troupe responds that Nichole Buckingham was around his unit in August and September 2014 where he was housed and without discovery, he was only aware of her job duties and he "figured she ignored his self harm against her job duties. Usually COA is ISO for the MHP." He states that withdrawing her from his complaint is the right thing to do. Dkt. 47 at 1.

REPORT AND RECOMMENDATION- 2

Plaintiff also alleges that defense counsel is holding up discovery, creating "immature objections," and making up excuses to deny discovery to plaintiff. *Id.*, at 3. Defense counsel provides evidence that in fact complete copies of Ms. Buckingham's discovery responses were mailed to plaintiff. Dkt. 48-1.

**DISCUSSION**

**A.    Rule 11**

Rule 11 imposes a duty on the party signing a pleading "to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), superseded by statute on other grounds; Fed.R.Civ.P. 11. The central purpose of the rule is to deter baseless filings. *Cooter & Gell*, 496 U.S. at 393. "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney [or party] has conducted 'a reasonable and competent inquiry' before singing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002). The reasonableness inquiry is assessed objectively. *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir.1992).

Pro se litigants are subject to Rule 11 for filing baseless lawsuits, *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir.1994), however, the court must consider a plaintiff's pro se status when it determines whether the filing was reasonable. *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir.1990); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987) ("We recognize that pro se complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories.").

REPORT AND RECOMMENDATION- 3

Defendants contend that Mr. Troupe's claim against Ms. Buckingham was not grounded in fact because he named her in this lawsuit knowing that she never had contact with him. In addition, Mr. Troupe waited almost six months after receiving Ms. Buckingham's declaration, in which she states that she never had contact with Mr. Troupe, before he moved to dismiss her from this action. Defendants ask that this Court assess a 28 U.S.C § 1915(g) strike against Mr. Troupe and grant other appropriate relief, including dismissal of the lawsuit pursuant to 28 U.S.C. 1915(e)(2)(B).

The Court is not convinced that Mr. Troupe's allegations against defendant Buckingham were patently frivolous when he brought his complaint. At that time, Mr. Troupe appeared to be under the mistaken belief that as a mental health provider, Ms. Buckingham had some responsibility for inmates in COA/ISO cells during an emergency when other mental health providers were unavailable or that through her duties, she would have been made aware of his situation. *See, e.g.,* Dkt. 46-1 at 2 (Interrogatories to Nicole Buckingham). Mr. Troupe is reminded, however, that bringing and signing a complaint is a serious matter – one that requires at least some preliminary investigation to ensure that the facts set forth in the complaint support a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

**B.     Discovery Issues**

The Court declines to address the parties' arguments regarding discovery as there is no motion pending and this Court expects the parties will first meet and confer prior to seeking court intervention in any discovery dispute. *See* Fed. R. Civ. P. 37 and LCR 37(a)(1). The Court also expects the parties to act with courtesy in oral and written communications and to avoid condemning each other.

REPORT AND RECOMMENDATION- 4

**CONCLUSION**

The undersigned recommends that plaintiff's motion to dismiss Nicole Buckingham from this matter should be **granted** (Dkt. 44); plaintiff's claims against Nicole Buckingham should be **dismissed with prejudice.** All other relief requested should be **denied.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 17, 2016**, as noted in the caption.

**DATED** this 6th day of June, 2016.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5