UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID TROUPE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONNA SMITH, et al.,<br><br>　　　　　Defendants. | CASE NO. C15-5671 RBL-KLS<br><br>ORDER REGARDING MOTION FOR RECUSAL |

Plaintiff David Troupe moves to recuse the undersigned on the grounds that she has ignored discovery issues and has not allowed an extension of the defendants' summary judgment motion. Dkt. 68. Plaintiff further states that the undersigned cannot be fair because she knows plaintiff's friend is investigating her, but that he never went to her house and all records about her were "gotten legally." *Id*., at 2. The undersigned is not aware of this alleged investigation or records search.

**BACKGROUND**

Plaintiff filed this lawsuit on September 18, 2015. Dkt. 1. On November 16, 2015, defendants filed a motion for summary judgment asserting, *inter alia*, res judicata and qualified

ORDER REGARDING MOTION TO RECUSE
- 1

1   immunity.  The motion was noted for December 11, 2015.  Dkt. 28.  The Court originally

2   granted defendants' motion for protective order (Dkt. 38) but lifted the order to "allow

3   plaintiff to engage in limited discovery to allow him to more fully response to the summary

4   judgment motion."  Dkt. 42.  Specifically, the Court allowed plaintiff to serve twenty-five

5   interrogatories and requests for production on each of the fifteen defendants.  *Id*. at 2.  The Court

6   also ordered that, within thirty (30) days of receipt of defendants' responses to his discovery

7   responses, plaintiff could file an updated response to defendants' motion for summary

8   judgment and defendants could file a reply pursuant to the rules."  The Court re-noted

9   defendants' motion for summary judgment in accordance with this time frame, for June 24,

10  2016.  *Id*. at 3.

11          On June 30, 2016, after his deadline for filing a response had passed, plaintiff filed a

12  motion to clarify claiming that he was not aware of the specific date for the filing of his

13  response.  Dkt. 56 at 1.  He also raised discovery issues, which the Court declined to address

14  because, although plaintiff had received defendants' responses in April, he had filed no motion to

15  compel and had made no good faith effort to resolve the dispute with counsel for defendants.

16  Nevertheless, on July 18, 2016, the Court allowed plaintiff an additional two weeks extension to

17  respond to the summary judgment motion.  Dkt. 62.  The Court specifically held that "Plaintiff

18  shall file his response … by August 8, 2016" and that there would be "no further extensions" of

19  the summary judgment motion.  *Id.* at 3.

20          *Two* days after the Court's July 18, 2016 Order, Mr. Troupe filed his motion to again

21  extend the summary judgment motion that has been pending for eight months.  That motion was

22  denied.  Dkt. 67.

23  //

ORDER REGARDING MOTION TO RECUSE
- 2

# DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.  This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court.   The undersigned has no personal bias or reason to be partial to one side or the other in this matter.  The undersigned finds no reason to recuse herself voluntarily from this case and declines to do so.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.   However, plaintiff's motion shall be referred to the Chief Judge for a determination of its merits.  Local Rules W.D. Wash. 3(e).  Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily.  Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue.  No further motions shall be filed in this matter until the stay is lifted.  Any motion filed while the matter is stayed shall not be considered and shall be dismissed.  The Clerk of the Court shall send a copy of this Order to Plaintiff.

**DATED** this 14th day of September, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER REGARDING MOTION TO RECUSE
- 4